## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| GARY DONALD KING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:14-CV-256-CAR-MSH |
| VS. | : | |
| | : | 42 U.S.C. § 1983 |
| Officer DEANTRE WOLFE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

Plaintiff **GARY DONALD KING**, an inmate at Macon State Prison ("MSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) Currently pending before the Court are: (1) the complaint, which must be screened under 28 U.S.C. § 1915A; (2) an application for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2); (3) a motion for appointment of counsel (ECF No. 3); (4) a motion to compel discovery (ECF No. 4); (5) a motion for a Temporary Restraining Order ("TRO") (ECF No. 5); (6) a "continued statement" of claim (ECF No. 8); (7) a motion to "strike and replace" his original motion to compel discovery (ECF No. 9); (8) a replacement motion to compel discovery (ECF No. 10); (9) a motion to "have interrogatories answered" (ECF No. 11); (10) a witness list (ECF No. 12); (11) an "amended motion to compel discovery" (ECF No. 13); and (12) a motion to amend Defendants (ECF No. 14).

Plaintiff's motions are addressed immediately below. As indicated thereafter, Plaintiff must supplement his complaint if he wishes to proceed with this lawsuit.

1

## I. PENDING MOTIONS

### A. MOTION TO PROCEED IFP

The filing fee for a civil action is $400.00. 28 U.S.C. § 1914(a). Plaintiff's inmate account statement reveals that his "spendable amount" is $1,711.52 and that he has received deposits averaging almost $100 per month during the past six months. As Plaintiff appears able to pay the Court's filing fee, his request to proceed IFP is **DENIED**. Plaintiff must pay the $400.00 filing fee to proceed with this lawsuit.

### B. MOTION FOR APPOINTMENT OF COUNSEL

Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

The instant action does not appear to present exceptional circumstances justifying appointment of counsel. Moreover, until Plaintiff supplements his complaint, as directed below, the merits of his claims are unclear. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

### C. MOTIONS FOR DISCOVERY

Plaintiff's various requests for discovery are premature. After Plaintiff pays the $400.00 filing fee and supplements his complaint, this Court must screen Plaintiff's complaint to identify

claims that are subject to dismissal as frivolous, malicious, or legally insufficient. *See* 28 U.S.C. § 1915A. Discovery will not commence unless and until this Court allows the case to proceed and be served upon the Defendants. Accordingly, Plaintiff's discovery motions – ECF Nos. 4, 9, 10, 11, and 13 – are **DENIED**.

### D. MOTION FOR TRO

Plaintiff's motion for a TRO seeks to have this Court order that MSP officials bar Officer Wolfe from working in Plaintiff's unit. The standard for obtaining a TRO is identical to that for obtaining a preliminary injunction. *See Windsor v. U.S.*, 379 F. App'x. 912, 916–17 (11th Cir.2010). Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. ***Parker v. State Bd. of Pardons & Paroles***, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." ***Siegel v. LePore***, 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted).

At this juncture, both the merits of Plaintiff's case and the prospect of his suffering irreparable injury are uncertain. Because Plaintiff has not satisfied either of the first two prerequisites for granting a TRO, it is **RECOMMENDED** that Plaintiff's motion for the same be **DENIED**.

Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof. *See* 28 U.S.C. § 636(b)(1).

### E. MOTION TO AMEND DEFENDANTS

Plaintiff's motion to amend Defendants is hereby **GRANTED**. The Defendants in this action shall be those named in the revised caption and "Parties to this Lawsuit" section of this Court's complaint form (ECF No. 14-1), accompanying Plaintiff's motion. The Clerk's Office is **DIRECTED** to strike the following as Defendants: Lieutenants Lake and Charles and Sergeants Ingram and Waters.

## II. ORDER TO SUPPLEMENT

Plaintiff complains about the conduct of Defendant Officer Deantre Wolfe. According to Plaintiff, on April 24, 2014, Wolfe "pat[ted] down the plaintiff for an extended period of time, then unusually grabbed the plaintiff's penis, and squeezed his buttocks in a pat down that went to[o] far." The above is the only specific instance of alleged sexual harassment that Plaintiff references, although he does state that on multiple occasions since April 24th, Wolfe has "worked" M Building, where Plaintiff is confined. Plaintiff states that he reported the April 24th incident to Defendant Captain Timothy Sales.

In addition to Wolfe and Sales, Plaintiff names as Defendants Lieutenant Larry Blackshear, Unit Managers Trevonza Bobbitt and Tracy McEntyre, Counselor Eddie Walker, and Warden Gregory McLaughlin. Plaintiff makes no specific allegations against Bobbitt, McEntyre, and Walker. He states that Sales, Blackshear, and McLaughlin "had to have some sort of relationship with the plaintiff that gave them [] a duty to be careful or avoid harm. These officials are responsible for assigning officers to a post, and assigning Officer Deantre Wolfe to unit M2, where the plaintiff lives, was unusual and contrary to what was suppose[d] to happen."

Plaintiff fails to provide sufficient detail in his complaint to allow this Court to properly

evaluate his claims. Because Plaintiff is proceeding *pro se*, the Court will allow Plaintiff to supplement his complaint.

In his supplement, Plaintiff should state whether Officer Wolfe inappropriately touched Plaintiff other than in the April 24th incident. Specifically, Plaintiff should state whether there were any other incidents with Wolfe during the subsequent times that Wolfe worked in Plaintiff's unit.

Plaintiff should also state in detail in his supplement the specific actions or omissions of the other Defendants that allegedly violated Plaintiff's constitutional rights. Specifically, Plaintiff must advise the Court of how <u>each</u> named Defendant knew of the risk to Plaintiff posed by Wolfe and the actions or omissions taken by <u>each</u> Defendant in disregard of that risk. ***See e.g., Carter v. Galloway***, 352 F.3d 1346, 1349 (11th Cir. 2003). Unless Wolfe inappropriately touched Plaintiff outside the April 24th incident, the other Defendants merely allowing Wolfe to continue to work in Plaintiff's unit would not appear to support a section 1983 claim.

Plaintiff is advised that prison officials are not liable for damages under section 1983 merely because they are supervisors. ***See Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986). Moreover, Sales merely being notified of Wolfe's conduct after it occurred is insufficient to hold Sales liable for a constitutional violation.

Finally, and importantly, Plaintiff is instructed to include all of his supplemental allegations simply and clearly in one document. Plaintiff must not continue to file piecemeal additional or supplemental documents, as he has done thus far in this lawsuit.

### III. TIME FOR RESPONSE

As directed above, Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to: (1) pay the $400.00 filing fee; and (2) file a supplement to his complaint in accordance

with the above instructions.   While this action is pending, Plaintiff shall immediately inform the Court in writing of any change in his mailing address.  Plaintiff's failure to fully and timely comply with this Order shall result in the dismissal of his complaint.

If Plaintiff decides that he no longer wishes to proceed with this lawsuit, he must so notify the Court.   *See* Fed.R.Civ.P. 41(a).

There shall be no service until further order of the Court.

**SO ORDERED AND RECOMMENDED**, this 28th day of July, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE